IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY PERRY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1656-N |
| | § | |
| STATE OF TEXAS | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Gregory Perry, a Texas prisoner appearing *pro se*, has filed a pleading entitled "Motion for Continuance" in an apparent attempt to toll the one-year statute of limitations governing federal habeas proceedings.[1] For the reasons stated herein, the motion should be dismissed for want of jurisdiction.

Federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]." *Wawak v. Johnson*, No. 3-01-CV-0305-M, 2001 WL 194974 at *1 (N.D. Tex. Feb. 22, 2001), *rec. adopted*, 2001 WL 290526 (N.D. Tex. Mar. 21, 2001), *quoting Princeton University v. Schmid*, 455 U.S. 100, 102, 102 S.Ct. 867, 869, 70 L.Ed.2d 855 (1982). Rather, a party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy. *Id.*, *citing Juidice v. Vail*, 430 U.S. 327, 331, 97 S.Ct. 1211, 1215, 51 L.Ed.2d 376 (1977). By his motion, petitioner essentially asks the court to determine in advance whether an application for writ of habeas corpus, to be filed at some unspecified date in

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d)(1), provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

the future, will be time-barred if he returns to state court to exhaust his state remedies. Because petitioner has not yet filed a federal habeas petition, there is no adverse party before the court. Nor is there a concrete dispute for the court to decide. Without a "case or controversy," the court lacks subject matter jurisdiction to grant any relief. *See id.* (dismissing motion for extension of time to file section 2254 habeas petition for want of jurisdiction).[2]

### RECOMMENDATION

Petitioner's motion for continuance should be dismissed for want of jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   September 18, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Although a federal district court has limited discretion to stay a mixed habeas petition raising exhausted and unexhausted claims where dismissal may prevent the petitioner from timely refiling the action after his claims are resolved in state court, *see Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005), petitioner has not filed an application for writ of habeas corpus. Consequently, there is no federal proceeding to stay.